FILED
United States Court of Appeals
Tenth Circuit

October 23, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re:

JOHN O. MORRIS,

        Movant.

No. 15-1362
(D.C. No. 97-M-2197-RPM)
(D. Colo.)

---

**ORDER**

---

Before **HOLMES**, **EBEL**, and **MATHESON**, Circuit Judges.

---

John O. Morris has filed a motion requesting authorization to file a second or successive 28 U.S.C. § 2254 habeas application. Because he has not met the standards for authorization in 28 U.S.C. § 2244(b)(2), we deny the motion.

In 1993, Mr. Morris was convicted by a Colorado jury of sexual assault on a child and being a habitual criminal. He was sentenced to a term of 40 years to life imprisonment. His conviction and sentence were affirmed on direct appeal.

In 1997, Mr. Morris filed a § 2254 habeas application, which the district court granted. *See Morris v. Suthers*, 246 F. Supp. 2d 1120, 1146 (D. Colo. 2001). The state appealed from the grant of habeas relief, and we reversed. *See Morris v. Burnett*, 319 F.3d 1254, 1256 (10th Cir. 2003). The United States Supreme Court denied Mr. Morris's petition for a writ of certiorari. *See Morris v. Ortiz*, 540 U.S. 909 (2003).

Mr. Morris now seeks authorization to file a second or successive § 2254 habeas application. In order to obtain authorization, he must show that his new claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or that "the factual predicate for [his] claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2).

In his first new ground for relief, Mr. Morris alleges that he received ineffective assistance of counsel due to trial counsel's errors and omissions at trial, which violated his rights under the Sixth and Fourteenth Amendments. He admits, however, that this claim does not rely on a new rule of constitutional law nor does it rely on newly discovered evidence. *See* Mot. for Auth. at 8-9.

In his second new ground for relief, Mr. Morris asserts that he received ineffective assistance of state post-conviction counsel, and he cites to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), as a new rule of constitutional law that supports his claim. In *Martinez*, the Supreme Court recognized a narrow exception to the general rule from *Coleman v. Thompson*, 501 U.S. 722, 752 (1991), that there is no constitutional right to counsel in state collateral proceedings. 132 S. Ct. 1315. The Court held in *Martinez*: "Inadequate assistance of counsel at initial-review collateral

proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.*

*Martinez*, however, did not announce a new rule of constitutional law. It did not overrule any prior decision, including *Coleman*, and the Court characterized its decision as an "equitable ruling," and not a "constitutional" one. *Id.* at 1319. All of the courts to consider this question have reached the same conclusion that *Martinez* did not announce a new rule of constitutional law. *See Pagan-San Miguel v. United States*, 736 F.3d 44, 45 (1st Cir. 2013) (per curiam); *Jones v. Ryan*, 733 F.3d 825, 843 (9th Cir. 2013); *Adams v. Thaler*, 679 F.3d 312, 322 n.6 (5th Cir. 2012).

Mr. Morris argues in the alternative that his current § 2254 application "is not properly classifiable as 'second or successive.'" Mot. for Auth. at 9A-1 (capitalization omitted). He relies on the Supreme Court's decision in *Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998), to support his argument.

In *Stewart*, the Court explained that a habeas claim that is dismissed as premature, like a claim that is dismissed for failure to exhaust state remedies, has not been adjudicated on the merits. *Id.* at 644-45. When a petitioner returns to file such a claim after it becomes ripe or after state remedies have been exhausted, it is not considered a second or successive claim. *Id.* But *Stewart* does not apply here because none of Mr. Morris's initial habeas claims were dismissed for failure to exhaust or for being premature. Because Mr. Morris's first habeas application was adjudicated on the merits, his current proposed § 2254 application is second or

successive and he must receive authorization to file it. *Cf. In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam) (explaining that if there is a decision on the merits of a first habeas petition, any later habeas petition challenging the same conviction is second or successive and requires authorization).

For the reasons stated above, Mr. Morris has failed to meet the standards for authorization in § 2244(b)(2). Accordingly, we deny his motion. This denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

        Entered for the Court

        *Elisabeth A. Shumaker*

        ELISABETH A. SHUMAKER, Clerk